

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAMAL SOLOMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 21-1159 (UNA) |
| | ) |
| PRESIDENT JOE R. BIDEN, *et al.*, | ) |
| | ) |
| Respondents. | ) |

### MEMORANDUM OPINION

The petition's caption lists five petitioners: Gamal Soloman, Jerry Jay, Casey Johns, Keith Red Bird Garcia, Jr., and Donovan Dean Fajardo, Jr. *See* Pet. at 1 (page numbers designated by CM/ECF). These five petitioners plus Lavern Charles Fast Horse signed the petition. *See id.* at 6. Based on petitioners' mailing addresses, all except Gamal Soloman are inmates at the Northern Nevada Correctional Center in Carson City, Nevada. *See id.* None paid the filing fee. The Court treats the petition as having been filed by Gamal Soloman alone, as he is the only petitioner who both signed the petition and sought waiver of the filing fee. *See* 28 U.S.C. §§ 1914(a), 1915(a)(1).

Petitioner asserts that the territory now known as the State of Nevada "is under Treaty" with various Native American tribes, and "85% is of BLM," presumably a reference to the Bureau of Land Management. Pet. at 5. He demands his "release for illegal incarceration," *id.* at 6, on the ground that "there are no state laws . . . with any force or effect," *id.* at 3, in Nevada. The Court understands petitioner to argue that, absent state law, no Nevada state court had jurisdiction over him or authority to cause his incarceration. Therefore, the Court treats the petition as a petition for a writ of habeas corpus.

1

"The writ of habeas corpus shall not extend to a [petitioner] unless" he is "in custody" under some authority.  28 U.S.C. § 2241(c).  A person is generally considered "in custody" if he is being held in a prison or jail, or if he is released on conditions of probation or parole, *see, e.g., Jones v. Cunningham*, 371 U.S. 236, 240 (1963) (finding that a paroled petitioner is "in custody" because parole restrictions "significantly restrain petitioner's liberty"), or subject to other non-confinement restraints on liberty, such the inability to "come and go as she or he pleases," as when a person is released on bail or on his own recognizance before trial, *see, e.g.*, *Hensley v. Municipal Court*, 411 U.S. 345, 351-53 (1973) (holding that petitioner released on own recognizance pending appeal was "in custody" for purpose of habeas).  Based on petitioner's address, which appears to be a street address in Woodland Hills, California, *see* Pet. at 6, petitioner currently is not in custody, and the petition does not indicate whether he is on probation, parole, or otherwise is restrained.  Consequently, it does not appear that petitioner meets the "in custody" requirement.

Even if petitioner were in custody, this Court could not grant his release.  A habeas action is subject to jurisdictional and statutory limitations.  *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973).  The proper respondent in a habeas corpus action is a petitioner's custodian, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and this "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction," *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).  The petition does not name petitioner's custodian as a respondent, and petitioner does not indicate that he is in custody in the District of Columbia.

The Court will grant petitioner Gamal Soloman's application to proceed *in forma pauperis* and dismiss his petition without prejudice for want of jurisdiction. A separate order accompanies this Memorandum Opinion.

/s/
TIMOTHY J. KELLY
United States District Judge

DATE: May 3, 2021